UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LONNIE WAYNE MARONEY | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-204 |
| | ) | |
| PAM TAYLOR, AL HERRERA, | ) | |
| JOSE PERALEZ, OTTO PURKEY, | ) | |
| BERKLEY BELL and ROOKIE INMAN | ) | |

**MEMORANDUM and ORDER**

Lonnie Wayne Maroney, a prisoner in the Hamblen County Detention Center [HCDC], brings this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that he was falsely charged and wrongfully arrested and seeking damages and dismissal of those charges. Plaintiff's application to proceed *in forma paupers* in this case is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).[1]

---

[1] Although a prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee and although, typically, the fee is paid on an installment plan, the Court takes judicial notice that HCDC's Chief Jailer has signed a statement indicating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148 (E.D.Tenn. 2005). Thus, the Court concludes that plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Be that as it may, the filing fee has been assessed and it is now

1. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

1. Plaintiff's Allegations

A. *Claims one and two*: In claim one, plaintiff asserts that he has been falsely charged with theft over $10,000, but less than $60,000, and in claim two, that he wishes to file criminal charges against Detective Sergeant Pam Taylor and Officer Jose Peralez for allegedly changing the wording of a statement he made when he filed a missing child report [MCR].

More specifically, plaintiff contends that he was charged with wrongful possession of an automobile, that District Attorney Berkley[sic] refuses to dismiss the charge, even though the charge is false, and that the charge is false because Sherrie Brooks told plaintiff's attorney that Randel Brooks and she [the car owners?] had given plaintiff permission to use the car and that she will so testify. Plaintiff further contends that his wrongful arrest led him to file the MRC and also that he also filed

---

constitutes a financial obligation on the part of plaintiff.

the MRC because his child was picked up at his residence by a person [Jaint Berry?] who untruthfully told the babysitter that plaintiff had sent her for the child. While the second claim is convoluted and arcane, neither this claim or the first one can proceed.

Under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from entertaining lawsuits by an individual seeking to enjoin a criminal prosecution against him in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by dismissing charges issued against him and allowing his claim of wrongful prosecution to advance.

As to having criminal charges brought against two of the defendants, plaintiff has no constitutional right to initiate or compel the prosecution of others. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This claim, therefore, is not cognizable under § 1983 and it too fails.

B. *Claims three and four*: Plaintiff's third and his final claims, made only in passing, is that defendant Rookie Inman, Chief Jailer at the HCDC, failed to protect him and to secure proper medical care upon his request. Plaintiff asserts that

3

urine, which he describes as a "biohazard," was thrown in his face. The Court infers that his last claims arose out of this supposed event. However, these claims lack the necessary factual development, such as allegations to show the circumstances surrounding this incident, the date it occurred, the identity of the thrower, etc. Hence, the Court finds the claims to be conclusory. This finding is important because the Court has no duty to conjure up unpleaded facts to support conclusory allegations, *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988), and because conclusory allegations fail to state claims for relief under § 1983. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985).

Additionally, to succeed on claims such as these, plaintiff must show that he suffered a "sufficiently serious" deprivation and that this defendant was deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994); *Spencer v. Bourchard*, 449 F.3d 721, 727-28 (6th Cir. 2006) (applying *Farmer* to pretrial detainee's claim of inadequate shelter due to cold, wet conditions); *Garretson v. City of Madison Heights*, 407 F.3d 789, 796-97 (6th Cir. 2005) (applying *Farmer* standard to pretrial detainee's medical claim). Obviously, in the absence of facts demonstrating either a sufficiently serious deprivation or deliberate indifference, plaintiff has failed to state a claim against defendant Inman either for failure to protect him from the throwing of urine or for any

later denial of medical care.

A separate order of dismissal will enter.

**ENTER**:

<pre>
                                        s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE
</pre>